# Exhibit 3

**Attorney Docket No.: VRTY-004/00US**                                    **PATENT**

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to the Mail Stop Non-Fee Amendment, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on this date:

By: _Hanna Hacham_    9-2-03
Hanna Hacham

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re application of: MAO et al.

| | |
|---|---|
| Application No.: 09/940,600 | Examiner: ALAUBAIDI, Haythim J. |
| Confirmation No.: 5967 | Art Unit: 2171 |
| Filed: August 27, 2001 | AMENDMENT |

RECEIVED

SEP 1 0 2003

Technology Center 2100

For:    **METHOD AND APPARATUS FOR MERGING RESULT LISTS FROM MULTIPLE SEARCH ENGINES**

Mail Stop Non-Fee Amendment
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

## AMENDMENT

Applicants hereby respond to the Official Action dated June 2, 2003, amending the above-identified patent application as follows.

<u>Amendments to the claims</u> are reflected in the listing of claims beginning on page 2 of this paper.

<u>Remarks</u> begin on page 7 of this paper.

Attorney . .ket No.    VRTY-004/00US
Serial No.    09/940,600
Page 2

## Amendments to the Claims.

The following listing of claims replaces all prior versions and listings of claims.

## Listing of Claims.

1. (Original)  A method of merging result lists from multiple search engines, said method comprising:

transmitting a query to a set of search engines;

receiving in response to said query a result list from each search engine of said set of search engines, each result list including one or more entries;

selecting a subset of entries from each result list to form a set of selected entries;

assigning to each selected entry of said set of selected entries a scoring value according to a scoring function;

assigning to each result list a representative value according to the scoring values assigned to its entries; and

producing a merged list of entries based on the representative value assigned to each result list.

2. (Original)  The method of claim 1 wherein said selecting includes selecting a consecutive number of entries from each result list, including the first entry from each result list.

3. (Original)  The method of claim 1 wherein said selecting includes selecting a uniform number of entries that are uniformly spaced within each result list.

4. (Original)  The method of claim 1 wherein said selecting includes selecting a uniform number of entries at random from each result list.

Attorney . .:ket No.    VRTY-004/00US
Serial No.    09/940,600
Page 3

5.    (Original)  The method of claim 1 wherein said producing includes (A) selecting the result list having the highest average value so as to form a selected list, (B) selecting from said selected list the first entry that has not already been selected for ranking, (C) decrementing the average value of said result list by a specified number, and repeating (A), (B) and (C) in order until every entry in every result list has been selected.

6.    (Original)  The method of claim 1 wherein said producing includes (A) assigning to each result list a probability value based on its average value, (B) selecting a result list preferentially based on its probability value so as to form a selected list, (C) selecting from said selected list the first entry that has not already been selected for ranking, and repeating (A), (B) and (C) in order until every entry in every result list has been selected.

7.    (Currently amended)  A computer-readable memory to instruct a computer to function in a specified manner, comprising:

executable instructions stored in said memory, said executable instructions including:

instructions for forming a set of selected entries by selecting a subset of entries from each result list of a set of result lists, wherein each result list in said set of result lists has been generated in response to a query processed by a search engine;

instructions for assigning each entry of said set of selected entries a scoring value according to a scoring function;

instructions for assigning each result list in said set of result lists a representative value based on the scoring values assigned to its entries; and

instructions for ranking every entry based on the representative value assigned to its result list,

wherein said instructions for ranking include instructions for (A) assigning to each result list a probability value that is based on its average value, (B) selecting a result list preferentially based on its probability value so as to form a selected list, (C) selecting from said selected list the first entry that has not already been selected for ranking, and repeating (A), (B) and (C) in order until every entry in every result list has been selected.

654901 v1/PA
#1BP01!.DOC

3

Attorney . ket No.    VRTY-004/00US
Serial No.    09/940,600
Page 4

8.    (Original) The computer-readable memory of claim 7 wherein said instructions for forming include instructions to select a consecutive number of entries from each result list, including the first entry from each result list.

9.    (Original) The computer-readable memory of claim 7 wherein said instructions for forming include instructions to select a uniform number of entries that are uniformly spaced within each result list.

10.    (Original) The computer-readable memory of claim 7 wherein said instructions for forming include instructions to select a uniform number of entries at random from each result list.

11.    (Original) The computer-readable memory of claim 7 wherein said instructions for ranking include instructions for (A) selecting the result list having the highest average value so as to form a selected list, (B) selecting from said selected list the first entry that has not already been selected for ranking, (C) decrementing the average value of said result list by a specified number, and repeating (A), (B) and (C) in order until every entry in every result list has been selected.

12.    (Canceled).

13.    (Original) A method of merging result lists from multiple search engines, said method comprising:

transmitting a query to a set of search engines;

receiving in response to said query a set of result lists, each result list in said set of result lists including one or more entries;

selecting a subset of entries from each result list;

determining a scoring value for each entry of said subset of entries;

characterizing said result lists in accordance with a metric; and

merging entries into a single list based on said metric.

Attorney ⌐ ⌐ket No.    VRTY-004/00US
Serial No.    09/940,600
Page 5

14.    (Original)  The method of claim 13 wherein said selecting includes selecting a consecutive number of entries from each result list, including the first entry from each result list.

15.    (Original)  The method of claim 13 wherein said selecting includes selecting a uniform number of entries that are uniformly spaced within each result list.

16.    (Original)  The method of claim 13 wherein said selecting includes selecting a uniform number of entries at random from each result list.

17.    (Original)  The method of claim 13 wherein said merging includes (A) selecting the result list having the highest average value so as to form a selected list, (B) selecting from said selected list the first entry that has not already been selected for ranking, (C) decrementing the average value of said result list by a specified number, and repeating (A), (B) and (C) in order until every entry in every result list has been selected.

18.    (Original)  The method of claim 13 wherein said merging includes (A) assigning to each result list a probability value based on its average value, (B) selecting a result list preferentially based on its probability value so as to form a selected list, (C) selecting from said selected list the first entry that has not already been selected for ranking, and repeating (A), (B) and (C) in order until every entry in every result list has been selected

19.    (Original)  A computer-readable memory to instruct a computer to function in a specified manner, comprising:

executable instructions stored in said memory, said executable instructions including:

instructions for transmitting a query to a set of search engines;

instructions for receiving in response to said query a set of result lists, each result list in said set of result lists including one or more entries;

instructions for selecting a subset of entries from each result list;

Attorney . .ket No.   VRTY-004/00US
Serial No.   09/940,600
Page 6

instructions for determining a scoring value for each entry of said subset of entries;

instructions for characterizing said result lists in accordance with a metric; and

instructions for merging entries into a single list based on said metric.

20. (Original) The computer-readable memory of claim 19 wherein said instructions for selecting include instructions to select a consecutive number of entries in each result list, including the first entry from each result list.

21 (Original) The computer-readable memory of claim 19 wherein said instructions for selecting include instructions to select a uniform number of entries that are uniformly spaced within each result list.

22. (Original) The computer-readable memory of claim 19 wherein said instructions for selecting include instructions to select a uniform number of entries at random from each result list.

23. (Original) The computer-readable memory of claim 19 wherein said instructions for merging include instructions for (A) selecting the result list having the highest average value so as to form a selected list, (B) selecting from said selected list the first entry that has not already been selected for ranking, (C) decrementing the average value of said result list by a specified number, and repeating (A), (B) and (C) in order until every entry in every result list has been selected.

24. (Original) The computer readable memory of claim 19 wherein said instructions for merging include instructions for (A) assigning to each result list a probability value that is based on its average value, (B) selecting a result list preferentially based on its probability value so as to form a selected list, (C) selecting from said selected list the first entry that has not already been selected for ranking, and repeating (A), (B) and (C) in order until every entry in every result list has been selected.

Attorney .   .ket No.    VRTY-004/00US
Serial No.    09/940,600
Page 7

## REMARKS

Claims 1-24 were previously presented in the above-identified application. Upon entry of this amendment, which cancels claim 12 and amends claim 7, claims 1-11 and 13-24 remain pending. The Applicants respectfully request reconsideration of the claim rejections in view of the above amendments and the following remarks. No new matter has been added with this amendment.

Applicants are canceling claim 12 to place the subject application in condition for early allowance. This claim, however, is being canceled without prejudice or disclaimer of the subject matter contained therein. Applicants therefore reserve the right to reinstate the originally filed claim in a co-pending application.

### Section 102(e): Singhal.

Claims 1, 7, 13 and 19 and respective dependent claims 2-5, 8-11, 14-17 and 20-23 were rejected under 35 U.S.C. §102(e) as being anticipated by U.S. Patent No. 6,370,527 ("Singhal"). Dependent claims 6, 12, 18 and 24 were objected to as being dependent upon rejected base claims 1, 7, 13 and 19, respectively, but have been deemed allowable if rewritten in independent form. Applicants respectfully traverse this rejection.

### Claim 7.

Applicants submit that Singhal fails to disclose each of the elements set forth in originally filed claim 7. Nonetheless, in an effort to expedite the prosecution of the application, Applicants have amended independent claim 7 to include allowable subject matter from claim 12. Accordingly, amended claim 7 is now in condition for allowance. Claims 8-11 depend from allowable independent claim 7 and thus are also patentable.

Attorney　　ket No.　VRTY-004/00US
Serial No.　09/940,600
Page 8

### Claims 1, 13 and 19.

Applicants submit that Singhal fails to disclose each of the elements set forth in claim 1. For example, Singhal appears to disclose a method (and an apparatus) that "submits [a] search query to a plurality of search engine devices and compiles the results from each of the search engine devices into a merged list. The merged list is then sorted and ranked according to predetermined criteria and displayed to the user via the user device." Col. 1, lines 35-41. In particular, Singhal teaches that the results of each of the search engine devices are merged into a single list after the results are received. Then, the "merged list is sorted by score so that a ranked merged list is obtained." See, e.g., col. 6, lines 37-52; FIG. 6, ref. nos. 620-650; see also, col. 7, lines 4-8 ("Once the merged list is obtained, the meta-search engine device 130 calculates scores . . . and sorts the merged list by score."). But nowhere does Singhal teach or suggest that the results of each of the search engine devices are merged in any particular way into at least one list. At most, Singhal discloses sorting a single, merged list of search results without teaching that the single list is merged based on any specific criterion.

As such, Singhal fails to disclose or even hint at "producing a merged list of entries based on [a] representative value assigned to each result list" in accordance with claim 1. Applicants respectfully disagree with the indication in the Official Action that FIG. 7 of Singhal teaches this element of claim 1. See Official Action, p. 4, n. 4. Rather, FIG. 7 is a ranked list that is generated first by merging search engine results into a list (in no particular way), and then by sorting the results of the merged list according to rank.

The relevance in distinguishing this element of claim 1 from Singhal is that it supports at least one benefit of the claimed invention. Among other things, the claimed invention reduces computational overhead, which provides an increase in speed and efficiency in generating results over conventional search engines. The Applicants direct the Examiner's attention to the Specification:

> In essence, the result lists are merged with the goal of placing the most relevant entries first for the user's convenience. However, to reduce the associated computational overhead, lists are not merged based on an examination of every single entry. Rather, they are merged based on an examination of only a small number of entries

from each list. Specifically, there is <u>no requirement</u> for examining

the content of each result item.

Specification, p. 7, paragraph 30 (emphasis added). By contrast, Singhal appears to require that each document or source be examined to calculate a score, which increases the computational overhead and the time to provide results. Consequently, Singhal's requirement to examine each document or source is not present in the claimed invention.

There are other significant differences that further distinguish the claimed invention from the cited reference. For example, Singhal neither teaches nor suggests "selecting a subset of entries from each result list to form a set of selected entries" in accordance with claim 1. Applicants respectfully disagree with the indication in the Official Action that FIG. 5 of Singhal teaches limitation 502 as being an element of claim 1. See Official Action, p. 3, n. 2. The words "garden" and "tools" are underlined to indicate that they are part of the initial query to the search engines; Singhal does not teach or suggest that these terms are selected from "summary 502" of FIG. 5 of Singhal. See also col. 5, lines 37-42. Accordingly, Singhal does not select one or more entries from each result list to form a subset of entries.

The relevance in distinguishing this element of claim 1 from Singhal similarly supports the above-described benefit. Because "selecting a subset of entries from each result list" requires examining only a small number of entries from each list, Singhal's requirement that each document or source be examined is not present in the claimed invention.

For at least the foregoing reasons, Applicants respectfully submit that claim 1 is now in condition for allowance. Claims 2-5 depend from allowable independent claim 1 and thus are patentable for at least the same reasons. Therefore, withdrawal of the §102(e) rejection in connection with these claims is respectfully requested.

For at least similar reasons, Applicants also submit that Singhal fails to disclose each of the elements set forth in claims 13 and 19. For example, Singhal neither teaches nor suggests that the results of each of the search engine devices are merged into at least one list in any particular fashion. Consequently, Singhal cannot be said to disclose "merging entries into a single list based on said metric" and "instructions for merging entries into a single list based on said metric" as set forth in claims 13 and 19, respectively, of the subject application.

Accordingly, Applicants respectfully submit that claims 13 and 19 are now in condition for allowance. Claims 14-17 and 20-23 depend from allowable independent claims 13 and 19, respectively, and thus are patentable for at least the same reasons. Therefore, withdrawal of the §102(e) rejection in connection with these claims is respectfully requested.

## CONCLUSION

In sum, all of the independent claims and their associated dependent claims should now be in a condition for allowance, which is respectfully solicited. If the Examiner believes that any of the claims are not in a condition for allowance, the Examiner is encouraged to contact the undersigned to resolve any outstanding issues.

Respectfully submitted,
COOLEY GODWARD LLP

Dated: __9-2-03__    By: _____

Kenneth R. Backus, Jr.
Reg. No. 48,861

Cooley Godward LLP
ATTN: Patent Group
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Tel: (650) 843-5000
Fax: (650) 857-0663

654901 v1/PA
#1BP01!.DOC

10