# Exhibit 8

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| **Appl. No.** | : | 10/200,175 |
| **Applicant** | : | Edgar CIRCENIS |
| **Filed** | : | July 23, 2002 |
| **Title** | : | HARDWARE BASED UTILIZATION METERING |
| **TC/A.U.** | : | 2863 |
| **Examiner** | : | Hien Xuan Vo |
| **Docket No.** | : | 100201063-1 |
| **Customer No.** | : | 022879 |

**Mail Stop Non-Fee Amendment**
Commissioner of Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

## AMENDMENT AND RESPONSE

Sir:

In response to the October 6, 2003 Office Action, Applicant submits the following Amendments and Remarks:

**Amendments to the Claims** are reflected in the listing of claims that begins on page 2 of this paper.

**Remarks** begin on page 5 of this paper.

Application No. 10/200,175
Amdt. dated January 6, 2004
Reply to Office Action of October 6, 2003

## Amendments to the Claims:

This listing of claims will replace all prior versions, and listings, of claims in the application:

## Listing of Claims:

1. (currently amended)  A hardware based utilization metering device, comprising:

a state an idle indicator coupled to a processor, wherein the state idle indicator receives an indication when the processor is in a first state;

a counter coupled to the state idle indicator and coupled to a system clock, wherein the counter receives a measure of system time from the system clock and receives data related to the indication when the processor is in the first state, and generates a counter value indicative of time the processor is in the first state; and

a data usage provider coupled to the counter, wherein the data usage provider is capable of providing the counter value.

2. (currently amended)  The device of claim 1, wherein the first state is a busy state, and wherein the state indicator is an idle indicator.

3. (original)  The device of claim 2, wherein the processor comprises an operating system that halts the processor when the processor is not processing, and wherein the idle indicator is a hardware device coupled to a pin of the processor, wherein the hardware device reads a signal asserted on the pin to receive the idle indication.

4. (original)  The device of claim 2, wherein the processor comprises an operating system that places the processor in an idle loop when the processor is idle, and wherein the idle indicator comprises an externally visible register that holds a value indicating the processor is in the idle state.

5. (original)  The device of claim 2, wherein the counter value increments based on the measure of system time when the processor is in the busy state.

6. (original)  The device of claim 1, wherein when the processor is powered on, the counter receives a current value of the counter value.

7. (original)  The device of claim 1, wherein the counter provides the counter value to the data usage provider on a periodic basis.

8. (original)  The device of claim 1, wherein the usage data provider polls the counter to obtain the counter value.

Application No. 10/200,175
Amdt. dated January 6, 2004
Reply to Office Action of October 6, 2003

9. (original) The device of claim 1, further comprising an interface coupling the data usage provider to an external network, the interface used for providing processor utilization data to the external network.

10. (currently amended) The device of claim 1, further comprising a plurality of processors, each of the plurality of processors having an associated ~~state~~ idle indicator and an associated counter, whereby the associated ~~state~~ idle indicator and the associated counter combine to provide a counter value for their respective processor.

11. (original) The device of claim 10, wherein the usage data provider maintains a non-volatile counter value for each of the plurality of processors.

12. (original) The device of claim 10, wherein the plurality of processors are arranged in one or more cells.

13. (original) A hardware based method for measuring processor utilization in a computer system comprising a plurality of processors, the method comprising:

determining when any of the plurality of processors is busy;

providing a busy indication to a counter associated with a busy processor;

receiving at the counter a measure of computer system time;

incrementing a counter value in the counter based on the provided busy indication and an amount of computer system time that the processor is determined to be busy; and

maintaining the counter value.

14. (original) The method of claim 13, further comprising:

reinitializing the counter value in the counter, using the maintained value of the counter value, when the processor is powered on.

15. (original) The method of claim 13, wherein maintaining the counter value comprises:

updating in a usage data provider a current value of the counter value from the counter; and

storing the updated current counter value.

16. (original) The method of claim 15, wherein updating the current counter value comprises periodically receiving the current counter value from the counter.

17. (original) The method of claim 15, wherein updating the current counter value comprises polling the counter.

18. (original) An apparatus that provides hardware based utilization metering of central processor units (CPUs) in a computer system, comprising:

a plurality of CPUs, wherein the plurality of CPUs are arranged in one or more cells;

for each cell, means for measuring computer system time; and

Application No. 10/200,175
Amdt. dated January 6, 2004
Reply to Office Action of October 6, 2003

for each of the plurality of CPUs:

> means for determining when a CPU is busy;
>
> means for providing an indication when the CPU is busy;
>
> means for receiving the indication and measure of computer system time,
>
> means for combining the indication and the measure of computer system time

to generate a counter value indicative of CPU utilization, and

> means for maintaining the counter value.

19. (original)  The apparatus of claim 18, further comprising means for reinitializing the counter value upon power of the CPU.

20. (original)  The apparatus of claim 18, further comprising means for reporting a CPU utilization value to a network external to the computer system.

Application No. 10/200,175
Amdt. dated January 6, 2004
Reply to Office Action of October 6, 2003

## REMARKS

Claims 1-20 are pending. By this amendment claims 1, 2 and 10 are amended. No new matter is introduced. Reconsideration and issuance of a Notice of Allowance is respectfully requested.

On page 2 the Office Action rejects claims 1-12 under 35 U.S.C. §102(b) over U.S. Patent 6,049,798 to Bishop et al. (hereafter Bishop). This rejection is respectfully traversed.

With respect to claim 1, the Office Action asserts that Bishop discloses a resource monitor "coupled to a processor to receive an indication when the processor is in a first state." With respect to claims 2-4, the Office Action asserts that Bishop discloses the invention as claimed "including the first state is a busy state and wherein the state indicator is an idle state ... the processor comprises an operating system ... that places the processor in an idle loop when the processor is idle state ... ."

Bishop is directed to a system resource monitor that captures data processing system internal resource utilization such as memory utilization, CPU utilization, or peripheral device availability and utilization. With respect to CPU utilization, Bishop discloses, as a means for measuring utilization, starting a process and assigning the process to a lowest priority level in the system. Thus, at least this low-priority process is always executing on the CPU, and the CPU is never idle. When more critical or higher priority processes are ready for execution, the low-priority process running on the CPU is halted and the higher priority processes execute. *See* Bishop, column 10, lines 51-67. To verify that the low-priority process is executing, Bishop discloses using SYSTRACE, provided by the OS2 operating system, to obtain an event trace of the low-priority process. *See* Bishop, column 11, lines 1-6. Thus, in terms of CPU utilization, Bishop does not disclose or suggest use of an idle indicator. Instead, Bishop specifically and emphatically discloses use of a known event trace to detect operation of the low-priority process on the CPU.

In contrast to Bishop, claim 1 as amended recites an idle indicator coupled to a processor. The idle indicator is a hardware device coupled to a pin of the processor and the hardware device reads a signal asserted on the pin when the processor is idle, i.e., not executing any process (*See* claim 3). As noted above, Bishop discloses a mechanism for detecting and recording occurrence of low-priority processes executing on a processor. Thus, Bishop does not disclose or suggest all of the features of claim 1, and claim 1 is allowable.

Claim 2 is amended to delete reference to the state indicator being an idle indicator, as this feature is now incorporated in amended claim 1.

Page 5 of 8

Application No. 10/200,175
Amdt. dated January 6, 2004
Reply to Office Action of October 6, 2003

With respect to claim 3, Bishop does not disclose or suggest a processor comprising an operating system that halts a processor when the processor is not processing, and Bishop does not disclose an idle indicator that is a hardware device coupled to a pin of the processor, wherein the hardware device reads a signal asserted on the pin to receive the idle indication. The Examiner's assertion that these features are disclosed by Bishop is not supported by any of the Office Action references to Bishop. Further, Applicant has carefully reviewed Bishop, and no other portion of Bishop discloses or suggests the features recited in claim 4. Similarly, the Examiner's assertion that claim 4 is disclosed by Bishop is totally without merit, and nothing in Bishop discloses or suggests the features recited in claim 4.

In addition to the above reasons for allowance of claims 2-4, Applicant notes that claims 2-4 depend from allowable claim 1, and for this reason claims 2-4 are also allowable. Similarly, claims 5-12 depend from allowable claim 1, and for this reason and the additional features they recite, claims 5-12 are also allowable. Withdrawal of the rejection of claims 1-12 under 35 U.S.C. §102(b) is respectfully requested.

On page 3 the Office Action begins to recite a specific rejection of claims 10-12 under 35 U.S.C. §102(b), but not specific rejection is stated.

On page 3 of the Office Action rejects claims 10-20 under 35 U.S.C. §103(a) over Bishop in view of U.S. Patent 4,503,495 to Boudreau (hereafter Boudreau). This rejection is respectfully traversed.

With respect to claims 10-12, as noted above, these claims are allowable based on their dependence on allowable claim 1, and for the additional features they recite.

On page 4, with respect to claims 13-17, the Office Action asserts that claims 13-17 are method claims corresponding to apparatus claims 1-12 and therefore are rejected for the same rationale as set forth for claims 1-12.

On page 4 the Office Action asserts that Boudreau discloses a data processing system common bus utilization detection logic including a plurality of processors arranged in one or more cells. However, the Office Action does not clarify how this specific statement with respect to Boudreau has anything to do with claims 13-17. Furthermore, the Office Action's summary dismissal of claims 13-17 as corresponding to apparatus claims 1-12 fails to take into account the specific language of claims 13-17. In fact, claims 13-17 do not correspond directly to apparatus claims 1-12, and the Office Action's summary rejection of these claims is without merit.

Boudreau is directed to a software analyzer that is used to determine the amount of time a CPU connected to a bus utilizes bus resources. Boudreau specifically distinguishes its

Application No. 10/200,175
Amdt. dated January 6, 2004
Reply to Office Action of October 6, 2003

software analyzer from hardware analyzers. *See* Boudreau, column 1, lines 20-38. Furthermore, Boudreau discloses only one CPU, not a plurality of processors arranged into one or more cells as asserted in the Office Action at page 4. In particular, the items 301, 322, 320 of Figure 1 noted by the Examiner are actually parts of the software analyzer and not one of a plurality of processors arranged in one or more cells. In fact, nothing in Boudreau discloses use of more than one processor or having more than one processor arranged in multiple cells.

In contrast to Bishop and Boudreau, individually and in combination, claim 13 recites a hardware based method for measuring process for utilization in a computer system comprising a plurality of processors. Both Bishop and Boudreau are software implementations, and Boudreau specifically teaches away from hardware based methods. Next, as noted above, the Examiner's assertion that Boudreau discloses a plurality of processors is without merit. Furthermore, the Examiner admits that Bishop does not disclose or suggest a plurality of processors arranged in one or more cells. For this reason alone, Boudreau and Bishop individually and in combination, do not disclose all of the features recited in claim 13. Still further, neither Boudreau nor Bishop, individually and in combination, disclose or suggest determining when any of a plurality of processors is busy and providing a busy indication to a counter associated with a busy processor as recited in claim 13. For this additional reason, Bishop and Boudreau, individually and in combination, do not disclose or suggest all the features of claim 13, and claim 13 is allowable. Claims 14-17 depend from allowable claim 13, and for this reason and the additional features they recite, claims 14-17 are also allowable. Withdrawal of the rejection of claims 13-17 under 35 U.S.C. §103(a) is respectfully requested.

With respect to claims 18-20 the Office Action, on page 4, assets that the limitations of these claims have been noted in the rejection above and are therefore considered rejected as set forth above.

Claim 18 is a means plus function claim. Claim 18 specifically recites, for each of the plurality of CPUs, means for determining when a CPU is busy, means for providing an indication when the CPU is busy, means for combining the indication and the measure of computer system timed to generate a counter value, and means for maintaining the counter value. Because claim 18 is written in means plus function language, interpretation of these elements requires reference to the specification. Referring to the specification, on page 5, beginning at line 26, the idle indicator is described in detail. Specifically, the idle indicator 120 is a hardware device coupled to a pin of a processor that reads a halt indicator when the

Application No. 10/200,175
Amdt. dated January 6, 2004
Reply to Office Action of October 6, 2003

CPU is idle. This feature is not disclosed or suggested by Bishop and Boudreau, individually and in combination. Accordingly, claim 18 is allowable. Claims 19 and 20 depend from allowable claim 18, and for this reason and the additional features they recite claims 19 and 20 are also allowable. Withdrawal of the rejection of claims 18-20 under 35 U.S.C. §103(a) is respectfully requested.

Should the Examiner determine that anything further is necessary to place the application in condition for allowance, the Examiner is respectfully requested to contact the Applicants' undersigned representative at the telephone number listed below.

The Commissioner is hereby authorized to charge any additional fees, or credit any overpayment, caused by this filing to Deposit Account Number 08-2025

Respectfully submitted,

Dated: **January 6, 2004**

John K. Harrop
Registration No. 41,817
**Andrews Kurth LLP**
1701 Pennsylvania Avenue
Suite 300
Washington, DC 20006
Telephone: (202) 662-3050
Fax: (202) 662-2739